UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
ELLEN LIBMAN RONIS, as Executrix of
the Estate of Michael Ronis, Deceased,   :

                    Plaintiff,   :   10 Civ. 3355 (TPG)

       – against –   :   **OPINION**

CARMINE'S BROADWAY FEAST, INC.,   :
LITTLE FISH CORP., TIMES SQUARE
BARBEQUE, INC., and CARMINE'S   :
ATLANTIC CITY, LLC,
                     :

              Defendants.
------------------------------------------------x

GARY CROLAND,   :

              Intervening   :
        Counterclaim Plaintiff
         and Cross-Claimant,   :

       – against –   :

ELLEN LIBMAN RONIS, as Executrix of   :
the Estate of Michael Ronis, Deceased,
                     :
            Counter-Defendant
                     :
      and

CARMINE'S BROADWAY FEAST, INC.,
LITTLE FISH CORP., TIMES SQUARE   :
BARBEQUE, INC., and CARMINE'S
ATLANTIC CITY, LLC,   :

            Counter-Defendants.
------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/10/12

Plaintiff Ellen Ronis, the widow of Michael Ronis ("Ronis") and executrix of his estate, brings this diversity action against various corporate defendants that allegedly breached agreements governing the redemption of Ronis' stock upon his death. Plaintiff and defendants now cross-move for summary judgment on plaintiff's claims concerning the redemption price of Ronis' shares in the three defendant companies, as well as on claims and counterclaims concerning loans allegedly made by the parties to one another.

In an opinion dated September 26, 2011, the court held that issues of fact precluded summary judgment on the very claims subject to the present motions. The court reaches the same conclusion now.

The crux of this dispute concerns the valuation of Ronis' shares by defendants' accountants. Pursuant to shareholder agreements between Ronis and defendants Little Fish Corp. and Times Square Barbeque, Inc., this valuation was to include a downward adjustment for "management and administrative fees, not to exceed six (6%) percent of net sales." Plaintiff argues that defendants evaded the six-percent cap by wrongfully removing certain distributions and consulting fees from the category of management and administrative fees. As a result, these distributions and consulting fees were deducted in full as costs from the earnings figure used to arrive at the redemption price, meaning that expenses plaintiff believes should have been capped at six percent of net sales actually exceeded the cap and wrongfully reduced the valuation.

Defendants argue that the accountants' actions were entirely proper, citing standard accounting practice in the restaurant industry and the companies' general ledgers. Indeed, both parties ground their arguments on this issue not in the plain language of the shareholder agreements, but in the past practices of the companies, deposition testimony, and financial data. The substantial documentary record only reinforces the court's opinion that an issue of fact exists as to what the term "management and administrative fees" properly encompassed as of the date of the shareholder agreements. Accordingly, summary judgment must be denied as to these claims.

The court similarly holds that summary judgment must be denied with respect to the remaining claims and counterclaims subject to the present motions. The parties applied various and confusing labels to the payments they made to each other. A trial will best illuminate the true nature of these transactions and their impact on the present action.

Thus, the cross-motions for summary judgment are denied. This opinion resolves docket items numbers 121 and 133.

Dated: New York, New York
October 10, 2012

_____
Thomas P. Griesa
U.S.D.J.