UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
ELLEN LIBMAN RONIS, as Executrix of the         10 Civ. 3355 (TPG)

**OPINION**

Estate of Michael Ronis, Deceased,

    Plaintiff,

vs.

CARMINE'S BROADWAY FEAST, INC.,
LITTLE FISH CORP., et al.,

    Defendants.
---------------------------------------------------------X
GARY CROLAND,

    Intervening Counter-Plaintiff
    and Cross-Claimant,
vs.

ELLEN LIBMAN RONIS, as Executrix of the
Estate of Michael Ronis, Deceased,

    Counter-Defendant

and

CARMINE'S BROADWAY FEAST, INC.,
LITTLE FISH CORP., et al.,

    Cross-Defendants.
---------------------------------------------------------X

On September 7, 2012 the court dismissed the complaint of the intervenor, Gary Croland, but granted leave for Croland "to file a concise amended complaint introducing a breach of contract claim for damages that is consistent with the written record."

On October 6, 2012 Croland filed an amended complaint. Plaintiff has moved to dismiss the amended complaint. This opinion is in response to that motion.

The problem with the amended complaint is that it is not a clear-cut pleading of breach of contract. The salient feature of the new pleading is the introduction of a concept of "economic interest." Thus, paragraph 24 of the amended complaint alleges that Croland's "economic interest in Little Fish was 12.50% of Ronis' ownership in Little Fish." Paragraphs 43 and 56 of the amended complaint contain the same type of allegations with respect to Times Square Barbeque and Carmine's Atlantic City.

Presumably, there is a purpose in Croland injecting this concept of "economic interest" into the case rather than simply alleging that Ronis contracted that certain things would be done, thus alleging a contractual cause of action. But, the meaning of "economic interest" and its alleged effect are not given in the amended complaint. The court has grounds to believe that Croland wishes to assert some ownership interest in Ronis' stock in the restaurants or ownership interest in the distributions to Ronis from the restaurants, but the amended complaint does not go so far as to say this.

The court will not permit a pleading to stand, which is based upon a concept that is vague, undefined, and has no clear legal context in connection with this case.

- 3 -

The motion to dismiss the amended complaint is granted. However, if Croland truly wishes to pursue the kind of contractual claims defined in the earlier opinion of the court, a further amended complaint which is truly concise and clearly directed to the issue will be allowed. Such an amendment must be filed and served on or before December 21, 2012 or Croland's claims in intervention will be finally dismissed.

So ordered.

Dated: New York, New York
December 17, 2012

*[signature: Thomas P. Griesa]*

Thomas P. Griesa
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/17/2012